UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SHERYL TENZYK and LARRY ALLEN,
individually and on behalf of all
others similarly situated,

                Plaintiffs,

                                              MEMORANDUM & ORDER
     -against-                         18-CV-6121(JS)(ARL)

AMERICAN HONDA MOTOR CO., INC.
a California Corporation, and
HONDA NORTH AMERICA, INC., a
Delaware Corporation,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiffs:       Tina Wolfson, Esq.
                     Bradley K. King, Esq.
                     Ahdoot & Wolfson, PC
                     125 Maiden Lane, Suite 5C
                     New York, New York 10038

                     Gregory F. Coleman, Esq.
                     Greg Coleman Law PC
                     800 South Gay Street, Suite 1100
                     Knoxville, Tennessee 37929

For Defendants:      Eric Kizirian, Esq.
                     Lewis Brisbois Bisgaard & Smith
                     633 West Fifth Street, Suite 4000
                     Los Angeles, California 90071

                     Peter T. Shapiro, Esq.
                     Lewis Brisbois Bisgaard & Smith
                     77 Water Street, Suite 2100
                     New York, New York 10005

SEYBERT, District Judge:

       Sheryl Tenzyk ("Tenzyk") and Larry Allen ("Allen") ("Plaintiffs") filed this action individually and on behalf of all others similarly situated. (Compl., D.E. 1.) Defendants American

Honda Motor Co., Inc. and Honda North America, Inc. ("Honda" or "Defendants") filed a motion seeking (1) a transfer to the United States District Court, Central District of California pursuant to 28 U.S.C. § 1404 or, (2) in the alternative, dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot., D.E. 17.) For the following reasons, the motion to transfer is GRANTED and this action is TRANSFERRED to the Central District of California.

BACKGROUND

Plaintiffs filed this class action on November 1, 2018, generally alleging that the gear shifters in Honda's 2016, 2017, and 2018 Civic vehicles are defective. (Compl. ¶¶ 1-4.) Tenzyk and Allen are both residents and citizens of New York. (Compl. ¶¶ 17-18.) They bring claims on behalf of the national class for (1) breach of express warranty, (2) breach of implied warranty, and (3) violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 et seq.; claims on behalf of the New York subclass for (4) violation of the New York General Business Law ("NYGBL") § 349, (5) violation of NYGBL § 350, (6) breach of implied warranty of merchantability, and (7) breach of express warranty under New York Uniform Commercial Code Law ("NYUCC") §§ 2-313 and 2A-210 et seq.; and (8) a claim for equitable injunctive relief and declaratory relief on behalf of the national class. (Compl. ¶¶ 66-152.)

As relevant to this motion, approximately 11 months prior to filing this class action complaint, Plaintiffs' attorneys filed an action against Honda in the Central District of California. (Defs.' Br., D.E. 17-5, at 5; see Floyd v. Am. Honda Motor Co. Inc., No. 17-CV-8744, 2018 WL 6118582, at *2 (C.D. Cal. June 13, 2018) ("Floyd").) Floyd's three named plaintiffs are residents of Tennessee, Wisconsin, and California, respectively. (Defs.' Br. at 5.) The Floyd complaint mirrors this Complaint, alleging gear shifter claims on behalf of a national class for breach of express and implied warranties, violation of MMWA, and injunctive relief and declaratory relief; and, on behalf of state subclasses, for violations of Tennessee, Wisconsin, and California law. (See Floyd, First Am. Compl., C.D. Cal. No. 17-CV-8744, C.D. Cal. Docket Entry ("C.D.E.") 30, ¶¶ 91-251; see also Defs.' Br. at 6.)[1]

Honda filed a motion to dismiss in Floyd. The California court dismissed the Floyd plaintiffs' claims with the following rationale:

> Plaintiffs have failed to comply with the internal requirements of the Magnuson-Moss Warranty Act because they failed to name one hundred plaintiffs. Thus, the claim under the

---

[1] "A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Glob. Network Commc'ns, Inc. v. City of N.Y., 458 F.3d 150, 157 (2d Cir. 2006) (internal quotation marks and citation omitted).

> Magnuson-Moss Act is dismissed. Because supplemental jurisdiction for all the Plaintiffs' state claims was based on jurisdiction over the MMWA claim, this Court lacks subject-matter jurisdiction over the state-law claims. Thus, all of Plaintiffs' claims are dismissed and Defendants' Motion to Dismiss is GRANTED.

Floyd, 2018 WL 6118582, at *4. The Floyd plaintiffs did not amend their complaint but appealed the decision to the Court of Appeals for the Ninth Circuit, approximately four months before filing this action. (Floyd, July 12, 2018 Notice of Appeal, C.D. Cal., No. 17-CV-8744, C.D.E. 46.) The Ninth Circuit appeal is presently pending.[2]

DISCUSSION

I. Motion to Transfer

Defendants seek a transfer pursuant to 28 U.S.C. § 1404(a) ("Section 1404"), which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" "'[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis.'" Aldiono v. I.K. Sys., Inc., No. 18-CV-6781, 2019 WL 4887655, at *2 (E.D.N.Y. Sept. 30, 2019)

---

[2] Oral argument is scheduled for December 11, 2019. (See Ninth Circuit Docket No. 18-55957, D.E. 41.)

(quoting In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992)) (further citation omitted). Transferring cases to the district where related actions are pending serves to "promote judicial economy and to avoid duplicative litigation." NBA Properties, Inc. v. Salvino, Inc., No. 99-CV-11799, 2000 WL 323257, at *9 (S.D.N.Y. Mar. 27, 2000).

"A motion to transfer requires a two-fold inquiry: (1) whether the action could have been commenced in the transferee court, and (2) whether a transfer is appropriate considering the convenience of parties and witnesses and the interest of justice." Sam v. Selip & Stylianou, LLP, No. 15-CV-2780, 2015 WL 9462109, at *3 (E.D.N.Y. Dec. 28, 2015) (internal quotation marks and citations omitted). In determining a motion for transfer, this Court may also consider "'(1) convenience of witnesses; (2) convenience of parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (7) relative familiarity of the forum with the governing law; (8) weight accorded to the plaintiff's choice of forum and (9) the interests of justice.'" Id. (quoting Kroll v. Lieberman, 244 F. Supp. 2d 100, 102 (E.D.N.Y. 2003)).

Additionally, the "first filed" rule provides that where an action is commenced in one federal district court and an action involving the same issues and parties is brought in another federal

5

court, "the court which first has possession of the action decides it." Am. Steamship Owners Mut. Prot. and Indem. Ass'n, Inc. v. Lafarge N. Am., Inc., 474 F. Supp. 2d 474, 481 (S.D.N.Y. 2007), aff'd sub. nom., N.Y. Marine and Gen. Ins. Co. v. Lafarge, 599 F.3d 102 (2d Cir. 2010) (internal quotation marks and citation omitted). The first-filed rule applies to lawsuits that substantially overlap, with parties and claims that are identical or substantially similar. Blechman v. Ideal Health, Inc., 668 F. Supp. 2d 399, 404 (E.D.N.Y. 2009). The rule "has been applied to class action suits filed by different plaintiff classes against the same defendant." Andreas-Moses v. Hartford Fire Ins. Co., No. 16-CV-1387, 2017 WL 5634709, at *3 (N.D.N.Y. Oct. 30, 2017), R&R adopted, 2017 WL 5634613 (citing Bukhari v. Deloitte & Touche LLP, No. 12-CV-4290, 2012 WL 5904815, at *3 (S.D.N.Y. Nov. 26, 2012)).

There is generally a "strong presumption in favor of the forum of the first-filed suit," but this rule need not be applied where convenience or special circumstances warrant giving priority to the second case. Selip, 2015 WL 9462109, at *3; Am. Steamship, 474 F. Supp. 2d at 481. "The application of the special circumstances exception recognized in the Second Circuit has been described as 'quite rare' and is generally limited to instances of manipulative or deceptive behavior by the first-filing plaintiff, such as where an improper anticipatory declaratory judgment action has been filed, or where forum shopping was the sole motivating

6

factor for the choice of venue for the first suit." Andreas-Moses, 2017 WL 5634709, at *3 (quoting Emp'rs Ins. of Wausau v. Fox Entm't Grp. Inc., 522 F.3d 271, 276 (2d Cir. 2008)).

II. Analysis

Honda argues that the first-filed rule and the Section 1404 factors favor transfer to the California court. (Defs.' Br. at 8-11.) Plaintiffs oppose, primarily claiming that special circumstances weigh against transfer. Specifically, Plaintiffs contend that because the California court dismissed the similar Floyd action, "transferring this case to a forum that already has determined it lacks jurisdiction defies logic." (Pls.' Opp., D.E. 18, at 3.) With respect to the other factors, Plaintiffs cursorily argue that their New York residence makes it convenient to litigate in this Court and that "this Court's familiarity with New York law also weighs against transfer." (Pls.' Opp at 7.) For the following reasons, the action should be transferred to the California court.

Plaintiffs, who make no arguments to the contrary, concede that this case is nearly identical to Floyd. And Plaintiffs agree that the first-filed rule applies, but point to the special circumstances exception. The "special circumstance" Plaintiffs identify is that the California court has dismissed the Floyd action, and because "the transferee court has determined, albeit erroneously, that it lacks jurisdiction over the claims,

7

transfer is not proper." (Pls.' Opp. at 4.)  This argument misses the mark.

In Floyd, "Plaintiffs allege that th[e California] [c]ourt has subject-matter jurisdiction over [their] action on the basis of diversity under the Class Action Fairness Act (CAFA)[,] 28 U.S.C. § 1332(d)(2)(A)." Floyd, 2018 WL 6118582, at *2.  The California court noted that "[t]he single federal claim in the complaint is under the [MMWA]." Thus, "[g]iven that the Plaintiffs invoke supplemental jurisdiction over the state-law claims, the only claim under which the Plaintiff[s] could plausibly invoke CAFA is the [MMWA] claim." Id. at *2-3.  The court found that MMWA's 100 named plaintiffs requirement was a "limitation[ that] directly contradicts CAFA's jurisdictional statute, which permits diversity actions filed by over one hundred plaintiffs regardless of whether the plaintiffs are actually named." Id. at *3.  The court considered differing approaches and noted that neither the Ninth Circuit nor the Supreme Court had addressed this particular interplay between MMWA and CAFA, and ultimately adopted the view that "CAFA does not supersede the actual requirements of the MMWA." Id. at *3.  Accordingly, because the Floyd complaint did not name 100 plaintiffs, the Court held that Plaintiffs failed to comply with MMWA requirements on their federal claim and declined to exercise supplemental jurisdiction over the remaining state law claims.

The California court's decision contemplated that it could exercise jurisdiction over claims in a class action if Plaintiffs met certain requirements. The decision does not close the California courthouse doors to these Plaintiffs. Thus, there are no no special circumstances warranting exception from the first-filed rule. To the extent that Plaintiffs disagree with the Floyd ruling, (Pls.' Opp. at 3 n.1), that is not a reason to maintain this action here: doing so would countenance the "forum shopping" Plaintiffs note should be discouraged (Pls.' Opp. at 5).[3]

For the same reasons, transfer also comports with the first part of Section 1404's two-fold inquiry: transfer to a "district or division where it might have been brought." Section 1404(a). "The phrase 'where it might have been brought' refers solely to districts where [Plaintiffs] could have originally filed suit." In re Bozic, 888 F.3d 1048, 1053 (9th Cir. 2018) (emphasis added). It imposes no requirement that it be a district where Plaintiffs could have filed suit and been guaranteed a favorable outcome. Plaintiffs here could have brought this action in a California court, just as the Floyd Plaintiffs did, and that court's decision on the Floyd motion to dismiss does not bar a transfer.

---

[3] Plaintiffs' counsel filed a similar class action in the District Court for the Southern District of Florida on May 1, 2019. (See Compl., S.D. Fla., Rojas v. Am. Honda Motor Co., Inc. et al., Docket 19-CV-21721, D.E. 1.)

As to the other factors, Plaintiffs' "convenience" argument that their presence in New York strongly weighs against transfer rings false. Two of the Floyd plaintiffs are residents of Tennessee and Wisconsin and brought their action in California. Additionally, the California court can competently apply New York law in the same manner as it would need to apply Tennessee and Wisconsin law in Floyd. Thus, Plaintiffs point to no balancing factors that weigh against transfer. In fact, the Court finds the factors favor transfer. "It is well settled that transfer is appropriate where there is a prior pending lawsuit in the transferee district that involves 'the same facts, transactions, or occurrences.'" Selip, 2015 WL 9462109, at *3, (quoting Pall Corp. v. PTI Tech., Inc., 992 F. Supp. 196, 201 (E.D.N.Y. 1998 (emphases in original). The facts, issues, parties (Honda and its consumers), and attorneys are the same in both actions. Transfer to California, the first forum, promotes judicial economy and diminishes possibility of inconsistent results. Accordingly, Defendants' motion for transfer is GRANTED.

III. Motion to Dismiss

In light of this Court's decision on transfer, and considerations of judicial economy and consistent results, it does not consider the merits of Defendants' motion to dismiss.

10

CONCLUSION

Accordingly, Defendants' motion for transfer (D.E. 17) is GRANTED. The Clerk of the Court is directed to transfer this case to the United States District Court for the Central District of California.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November   14  , 2019
       Central Islip, New York